(May 22, 1972)

■ JOSEPH BELLE, Appellant, v. PRINTERS MACHINERY MAINTENANCE, INC., et al., Respondents.— In an action to recover damages for personal injuries based on negligent design against both defendants and breach of warranty of fitness for use against defendant Printers Machinery Maintenance, Inc., plaintiff appeals from a judgment of the Supreme Court, Kings County, entered August 3, 1971, in favor of the defendants upon the trial court's dismissal of the complaint at the end of the case at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were presented on this appeal. In our view the evidence raised a question of fact as to whether the design of the machine was defective and whether the defect was latent or patent. Accordingly, it was error to dismiss the complaint. We do not take a position as to whether the alleged defect was latent or patent, but merely conclude that the evidence was sufficient to raise an issue for the jury to determine. Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ WILLIAM HARRISON et al., Appellants, v. HARRY R. LAGERWALL, Respondent.— In a negligence action to recover damages for personal and property injuries, plaintiffs appeal from an order of the Supreme Court, Putnam County, dated March 13, 1970, which granted defendant's motion to dismiss the complaint, pursuant to CPLR 3216, on the ground that plaintiffs had unreasonably neglected to proceed in the action. Order reversed, without costs, and motion denied. The note of issue was filed before the motion was made. Defendant was in the Armed Services and was not prejudiced by the result. In our opinion, Special Term erred in granting the motion to dismiss the complaint (CPLR 3216; *Giancone* v. *City of New York*, 29 A D 2d 756). Martuscello, Latham and Shapiro, JJ., concur; Hopkins, Acting P. J., and Munder, J., dissent and vote to affirm.

■ In the Matter of JOAN D. (ANONYMOUS), Respondent, v. THOMAS P. (ANONYMOUS), Appellant.— Appeal from three orders of filiation, all by the Family Court, Queens County, dated September 21, 1971 (each for a different one of three children). Orders reversed, on the law and the facts, without costs, and petitions dismissed. Order of the same court dated December 8, 1971, which directed appellant to pay towards support of the children, vacated. Petitioner failed to sustain her burden of proving appellant's responsibility by evidence so clear and convincing as to be entirely satisfactory (*Matter of Mannain* v. *Lay*, 33 A D 2d 1024, affd. 27 N Y 2d 690; *Matter of Wickham* v. *Barbera*, 279 App. Div. 953). Hopkins, Acting P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.